**SUPERIOR TRUCKING COMPANY, Inc., W. T. Mayfield Sons Trucking Co., Bell Transportation Company, Moss Trucking Co., Inc., Osborne Truck Lines, Inc., Dealers Transit, Inc., Plaintiffs,**

v.

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

and

**Wingate Trucking Company, Inc., Intervening Defendant.**

Civ. A. No. 10959.

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 2, 1967.

Guy H. Postell and Frank D. Hall, Atlanta, Ga., for Superior Trucking Co., Inc.

Reynolds & Reynolds, Atlanta, Ga., for W. T. Mayfield Sons Trucking Co.

James, Robinson, Felts & Starnes, Austin, Tex., for Bell Transportation Co. and J. H. Rose Truck Line.

Fred F. Bradley, Frankfort, Ky., for Moss Trucking Co., Inc. and Osborne Truck Lines, Inc.

Wrape & Hernly, Memphis, Tenn., for Dealers Transit, Inc.

Charles L. Goodson, U. S. Atty., and Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Donald F. Turner and John H. D. Wigger, Asst. Attys. Gen., Washington, D. C., for defendant United States.

Robert W. Ginnane, Gen. Counsel and Jerome Nelson and Henri F. Rush, Jr., Attys., Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

William Addams, and Clyde W. Carver, Atlanta, Ga., for defendant Intervenor.

Before BELL, Circuit Judge; MORGAN, Chief District Judge and HOOPER, Senior District Judge.

HOOPER, Senior District Judge.

### STATEMENT OF THE CASE.

Superior Trucking Company and other carriers seek to set aside a decree of the Interstate Commerce Commission granting certificate of convenience and necessity to Wingate Trucking Company, Inc. of Albany, Georgia.

The protesting plaintiffs, in addition to Superior, are W. T. Mayfield Sons Trucking Company, Bell Transportation Company, J. H. Rose Truck Line, Inc., Moss Trucking Company, Inc., Osborne Truck Line, Inc., and Dealers Transit, Inc.

The defendants are Interstate Commerce Commission and the United States, and also by intervention, Wingate Trucking Company, Inc.

Wingate's application to extend its interstate authority to encompass transportation between Albany, Georgia and other states was granted by the Commission for the states of Florida, Alabama, Tennessee, North Carolina and South Carolina, but was limited to articles which, because of weight or size, require special handling or equipment, and in particular, equipment to be shipped by Merts Equipment Company from its plant at Albany, Georgia.

The Hearing Examiner made full and complete findings of fact and the plaintiffs concede that the findings of fact are justified, but deny the conclusion reached, the Hearing Commissioner having recommended granting the certificate to Wingate but limiting it only to shipments to be made by Merts.

Exceptions were filed to the report and conclusions of the Hearing Examiner and the Commissioner's Operating Rights Board No. 1 on review entered an order reversing the Examiner and denying the application of Wingate, in toto. An application for reconsideration was granted by the Commission whereupon the Appellate Division No. 1 reversed the Board by a two to one decision, granting to Wingate a certificate to haul such commodities from Albany into the five states named. The motion to reconsider such decision was denied and this suit was filed. The motion for a temporary restraining order by plaintiffs was heard and denied by Chief Judge Lewis R. Morgan of this Court on May 19, 1967. On June 28, 1967 a certificate was issued to Wingate and is still in effect.

While the issues between the parties to this case are variously stated by them they may be boiled down to two questions:

(1) Whether the Order of the Interstate Commerce Commission granting the certificate to Wingate sufficiently states the grounds upon which it is based, and is otherwise legally sufficient,[1] and

---

1. As to "Allegations of Error" in the complaint see Paragraph VII(1):
    "The orders do not include an adequate statement of findings as well as reasons and bases therefor."

Also, Paragraph VII(7):
    "Said orders, contrary to the record; do not include an adequate statement of findings."

(2) If the Order, if sufficient on its face, is supported by substantial evidence.[2]

These two questions will be discussed below:

## I. INTERPRETATION AND SUFFICIENCY OF THE ORDER OF THE COMMISSION.

■ The plaintiffs lay great stress upon the fact that in its final decision and order of February 24, 1967 the Commission acting as an appellate division, used the following language:

"And it further appearing, That imposition of the plant-site restriction recommended by the hearing examiner is unwarranted in the light of the need for service indicated in the fourth appearing paragraph hereof and of the policy of the Commission not to limit additional authority to a service for the complaining shipper at points found not to be adequately served" (see Appendix IV, Sheet 1).

It is contended by plaintiffs that the quoted language means that the Commission was removing the plant-site restriction recommended by the Hearing Examiner upon the basis of the need for service and on the policy of the Commission; that the Commission acted illegally and arbitrarily in basing its order on a policy, instead of basing the same upon the facts in the record.

We do not so construe the order of the Commission, for the order does not recite that it has a policy that whenever a certificate is granted to a carrier for transportation from a particular shipper that the Commission automatically grants a certificate for transportation to and from the same general area regardless of the circumstances.

Furthermore, that the policy of the Commission referred to was a policy to extend the certificate in question

"* * * to a *service for the complaining shipper at points found not to be adequately served.*" (Emphasis supplied)

It is also clear from a reading of the decision and order that it was not based only upon such a policy of the Commission but all of the other considerations for the same were referred to, including the report and recommended order of the Hearing Examiner, as to which the order recited

"* * * except as noted herein, the evidence considered in the light of the pleadings does not warrant a result different from that reached by the hearing examiner, and that the statement of facts, the conclusions, and the findings of the hearing examiner, being proper and correct in all material respects, should be, and they are hereby, affirmed and adopted as our own." (The exception in question related only to the limitation to shipments from the plant of Merts)

It also appears from citations made to various orders of the Commission that it had not adopted a fixed policy against limiting certificates to particular shippers.

■ The Commission under the law is free to adopt findings of fact by a trial examiner, but arrive at different conclusions from such facts, and that was done in the instant case.

In the case of Illinois Central Railroad Company, et al. v. Norfolk & Western Railway Company et al., 385 U.S. 57, at p. 69, 87 S.Ct. 255, at p. 262, 17 L.Ed.2d 162. The Supreme Court stated:

"The Commission's function is to draw such reasonable conclusions from its findings as in its discretion are appropriate. As we said in Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620, [86 S.Ct. 1018, 1026, 16 L.Ed.

---

**2.** The complaint alleges:
"The orders are predicated wholly upon presumptions and conclusions, as distinguished from findings, which have no support in the record (Paragraph VII(2).

"Said orders are in excess of statutory authority, are * * * unlawful, in that they fail to take into consideration the adequacy of existing service" (see Paragraph VII(6).

2d 131] (1966), 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.' It is not for the court to strike down conclusions that are reasonably drawn from the evidence and findings in the case. Its duty is to determine whether the evidence supporting the Commission's findings if substantial, Universal Camera Corp. v. Labor Board [N. L. R. B.,] 340 U.S. 474, [71 S.Ct. 456, 95 L.Ed. 456] (1951)."

There was in the instant case substantial evidence based upon subsidiary findings of fact by the trial examiner to support the ultimate functions and conclusions by the Commission.

## II. SUFFICIENCY OF THE EVIDENCE.

It is well established that it is not the function of this Court, but rather the function of the Commission, to pass upon the merits of the application in the instant case by Wingate.

"The function of the reviewing court is much more restricted. It is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law." United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, p. 698, 90 L.Ed. 821, p. 835.

See also 49 U.S.C.A. § 307; Refrigerated Transport Company v. United States, D. C., 214 F.Supp. 536, 538; Illinois Central Railroad v. Norfolk & Western Railway, 385 U.S. 57, at p. 70, 87 S.Ct. 255, 17 L. Ed.2d 162.

In the brief of counsel for plaintiffs it is alleged that the Commission's action in concluding that Wingate should be granted authority to serve all shippers in Albany is arbitrary and capricious, since the Commission

" * * * adopts without modification, the Examiner's detailed findings of fact and rationale which show exactly the contrary."

Counsel quotes from the decision and order the following:

" * * * the statement of facts, the conclusion, and the findings of the hearing examiner, being proper and correct in all material respects, should be, and they are hereby, affirmed and adopted as our own."

It should be noted, however, that there was one exception made by the Commission in said order, and that exception related to the recommendation by the Examiner that the certificate be limited to shipments from the plant of Merts, and not extended to all shippers in Albany, Georgia.

Counsel call attention to finding of the Examiner as to four shippers, and that as to these

" * * * there is no real showing that they have called on the existing authorized for-hire motor carriers for interstate transportation within the scope of the application and that such service has been deficient. Consequently, the evidence offered by applicant with respect to Brashears, Concrete Products, Blanton, and Lilliston is insufficient upon which to base a grant of authority. The situation is different with respect to Merts."

As pointed out by counsel for respondents, Wingate applied for round-trip authority between all points in Dougherty County and points in nine states, but the authority granted was limited to one way operations from Albany to five states, based on size and weight of shipments. There was much evidence in the record as to the need by Merts of a local dispatcher for a carrier in Albany, and also equipment and facilities for loading.

Wingate had such dispatcher and equipment in Albany and was already serving Merts in intrastate shipments. That was not true of any of the protesting carriers, and their nearest terminals were located at such places as Birmingham, Atlanta, and other points.

As to the four shippers above referred to, the following appears:

Some shippers of heavy commodities were dissatisfied with the service from presently authorized carriers (the details being given) and had resorted to private, unregulated carriage to satisfy need, and desired to abandon the private carriage and utilize Wingate upon the latter's being certificated. Some of these shippers had utilized Wingate's service in intrastate commerce and were satisfied. The evidence as to the need by Merts of this service is very convincing. Lilliston, an Albany manufacturer of farm equipment, was shipping large amounts of equipment from Albany into the states named in the Wingate application and expected a substantial increase in business in the coming year whereupon it would need additional vehicles added to its presently leased fleet, unless it could obtain suitable motor carrier service. There was also need by this company of flat bed equipment for delivery. The company did not desire to continue use of its private fleet.

Brashears, a fabricator of structural steel items at Albany, had a business increase of twenty-five per cent in 1965 and anticipated a like increase in the coming year, and would be forced to either buy more trucks of its own or have other facilities furnished. Its manager testified that it was 175 miles from the nearest trucker that could do the job. On occasion it was forced to ship extra long items by rail for lack of an expendable flat bed trailer. The company has used the services of Wingate for intrastate transportation and was pleased with the service.

Similar testimony was given as to Albany Concrete Products and Blanton, an industrial manufacturer.

The express terms of the statute in question contemplates not only present needs for additional services, but also future needs. Counsel for plaintiffs make the following statement in their brief:

"Albany, Georgia is a city with a population of about 64,000. It is a large shipping point for large and weighty commodities."

The growth of that city over the years is a matter of common knowledge. The testimony as to future needs of the shippers of heavy equipment noted above was entitled to be credited by the Commission.

For reasons stated above, and in light of the entire record, this Court will enter an order denying the prayers of plaintiffs' complaint.